**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| STEVEN MASON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | 1:07-cv-724-DFH-DML |
| vs. | ) | No. 1:06-CR-003-01H/F |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. That is the relief sought in this action by Steven Mason ("Mason").

The court, having considered Mason's § 2255 motion and the records and files in the underlying criminal action, and being duly advised, finds that Mason's § 2255 motion must be denied in this action and dismissed. This conclusion is based on the following facts and circumstances:

1.  Mason agreed with the United States to resolve several criminal charges against him, entered a plea of guilty to those charges, and was sentenced in accord with the plea agreement. Mason's plea agreement contains a provision which provides as follows:

> STEVEN MASON expressly waives his right to appeal on any ground his conviction. STEVEN MASON also waives his right to appeal the sentence imposed, including the right to appeal conferred by Title 18, United States Code, Section 3742, if the term of incarceration imposed does not exceed 28 years.  STEVEN MASON also waives the right to contest the sentence imposed and the manner in which it was determined in any collateral attack, including an action brought under Title 28, United States Code, Section 2255, if the term of incarceration imposed does not exceed 28 years.

2. Mason's written statement of defendant, which is part of his written petition to enter a plea of guilty, recites that (1) he understands the terms of the plea agreement, (2) those terms are an accurate reflection of the results of the plea negotiations, (3) he is fully satisfied with his attorney's representation, (4) he "freely and voluntarily" pleads guilty, and (5) he has the right to appeal unless he waived that right as part of the plea agreement.

3. "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* Mason entered such a plea in this case--in conformity with both constitutional guidelines and the requirements of Rule 11 of the *Federal Rules of Criminal Procedure.*

4. The record indisputably shows that Mason knowingly and voluntarily entered into the waiver provision in this case. In *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* states that:

> we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

167 F.3d at 1145. In *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that

> [b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief.

*Id.* Additionally, the Court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

5. In this case, Mason contends, in part, that his counsel coerced him to plead guilty, failed to conduct a preliminary investigation and failed to move to dismiss the charges. Although Mason argues that there were sundry errors in the performance of his attorney, the record shows a valid guilty plea, a lawful and proper sentence, and a valid waiver. In the final provision of the plea agreement, Mason, "acknowledges that no threats, promises or representations have been made, nor agreements reached, other than those set forth in this document, to induce [him] to plead guilty."

6. The waiver provision of the plea agreement is valid and enforceable in the circumstances of this case. It bars consideration or even development of the claims Mason presents.

7. Mason is not entitled to relief pursuant to 28 U.S.C. § 2255. Additionally, his request for an evidentiary hearing is **denied** because (1) such a hearing is proper when the habeas petition is accompanied by a detailed and specific affidavit showing that the petitioner has actual proof going beyond mere unsupported assertions, *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976), and (2) the records and file in this action show conclusively that Mason is not entitled to the relief he seeks. Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: August 11, 2009